The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>THANJAVUR MANAVALAN,<br><br>Defendant. | NO. CR23-192LK<br><br>~~[PROPOSED]~~ **PROTECTIVE ORDER** |

This matter comes before the Court on a Stipulated Motion for Protective Order. Dkt. No. 14. The Court GRANTS the motion and hereby enters the following order:

**PROTECTIVE ORDER**

1. <u>Scope</u>

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), this Protective Order governs all discovery material in any format (written or electronic) that is produced by the United States in discovery in the above-captioned case.

2. <u>Definition of Protected Material</u>

The investigation in this case focused on Defendant Thanjavur Manavalan's conduct as a tax preparer, so the discovery contains numerous individuals' tax-related

Stipulated Protective Order - 1
*United States v. Manavalan*, CR23-192LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

information, other sensitive financial information, and personally identifiable information. Due to the volume of that information and its relevance to the charges and issues in this case, redaction would be technically difficult and time-consuming, would delay the disclosure of discovery, and would frustrate the intent of the discovery process.

The investigation also involved the use of an undercover officer ("UC"), and sensitive information regarding the UC is contained in the discovery materials. If distributed outside of the Defense Team—defined as defense attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the defense attorneys of record—this information could subject the UC to harassment, retaliation, or tampering, and could interfere with current investigations using the UC.

The above-described tax-related and other financial information, personally identifiable information, and information relating to the UC are collectively referred to as "Protected Material."

3. <u>Designating Protected Material</u>

The government shall designate material as "Protected Material" by stamping or otherwise designating the material as "Protected Material," or by providing the Defense Team with written identification of discovery materials that constitute "Protected Material." When possible, this written identification shall include the Bates number or file name for any material being designated as "Protected Material."

If the Defense Team disagrees with the designation of any material as "Protected Material," it shall notify the government in writing of the disagreement, identify with particularly each document and file at issue, and state the basis for the challenge. The Defense Team, at any time after attempting to resolve the matter by agreement with the government, may apply by motion to the Court for a ruling that information designated as "Protected Material" is not entitled to protected treatment under this Order. Any such motion must identify with particularity each document and file at issue, and state the basis for the challenge.

Stipulated Protective Order - 2
*United States v. Manavalan*, CR23-192LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. <u>Permissible Disclosure of Protected Material</u>

The United States will make available copies of the Protected Material to the Defense Team to comply with the government's discovery obligations. Possession of the Protected Material is limited to the Defense Team. The Defense Team may provide a copy of the Protected Material to Manavalan so that he may view the material, but Manavalan may not disseminate Protected Material outside of members of the Defense Team.

Members of the Defense Team may not provide copies of the Protected Material to other persons. Defense counsel is required to provide a copy of this Protective Order to members of the Defense Team, and to Manavalan, and to obtain written consent from members of the Defense Team of their acknowledgment to be bound by the terms and conditions of this Protective Order, prior to providing any Protected Material to the members of the Defense Team. The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, and to the Court and defense as necessary to comply with the government's discovery obligations.

5. <u>Filing Protected Material</u>

Any Protected Material that is filed with the Court in connection with pretrial motions, trial, or other matters, shall be filed under seal and shall remain sealed until otherwise ordered by this Court, unless otherwise agreed upon by the parties. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

Stipulated Protective Order - 3
*United States v. Manavalan*, CR23-192LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. Nontermination

The provisions of this Order shall not terminate at the conclusion of this prosecution. Furthermore, at the close of this case, defense counsel shall return the Protected Material, including all copies of the Protected Material, to the office of the United States Attorney, or otherwise certify that the material has been destroyed. Notwithstanding the above, defense counsel may keep one digital copy of the Protected Material in its files. That digital copy must be kept in a locked facility with access restricted only to members of the Defense Team who have agreed to be bound by provisions of this Protective Order.

7. Violation of Any Terms of this Order

Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

Nothing in this Order should be construed as imposing any discovery obligations on the government or Defendant that is different from those imposed by case law, Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

DATED this 29th day of December, 2023.

*signature*

LAUREN KING
UNITED STATES DISTRICT JUDGE

Presented by:

 *s/ David T. Martin*
DAVID T. MARTIN
Assistant United States Attorney

Stipulated Protective Order - 4
*United States v. Manavalan*, CR23-192LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970