UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:23-cr-00192-LK |
| Plaintiff, | ORDER DENYING MOTION TO SEVER COUNTS |
| v. | |
| THANJAVUR MANAVALAN, | |
| Defendant. | |

This matter comes before the Court on Defendant Thanjavur Manavalan's Motion to Sever Counts 11 and 12.  Dkt. No. 42. For the reasons set forth below, the Court denies the motion.

## I.    BACKGROUND

In December 2023, Manavalan was indicted on 14 counts of Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return in violation of 26 U.S.C. § 7206(2). Dkt. No. 1 at 1–3.[1]

The Government plans to try Manavalan on the following counts:

---

[1] Before trial, the Government moved to dismiss counts 13 and 14 related to taxpayer D.Y., and the Court granted that unopposed motion. Dkt. Nos. 67–68.

| Count | Date | Taxpayer | Tax Year | Falsely Claimed Items |
|---|---|---|---|---|
| 1 | 4/4/21 | R.S. | 2020 | Charitable Contributions<br>Adjusted Basis<br>Security Loss |
| 2 | 2/28/21 | H.P. | 2020 | Wash Sales<br>Security Loss |
| 3 | 3/10/21 | V.J. | 2020 | Business Losses<br>Adjusted Basis<br>Wash Sales<br>Security Loss |
| 4 | 4/15/21 | R.V. | 2020 | Adjusted Basis<br>Wash Sales<br>Security Loss<br>Rental Income |
| 5 | 3/31/20 | R.V. | 2019 | Business Losses<br>Security Loss |
| 6 | 3/6/21 | R.K.P. | 2020 | Adjusted Basis<br>Security Loss |
| 7 | 2/15/20 | R.K.P. | 2019 | Security Loss |
| 8 | 4/7/19 | R.K.P. | 2018 | Security Loss |
| 9 | 3/30/19 | S.D. | 2018 | Wash Sales<br>Security Loss |
| 10 | 4/19/21 | A.G. | 2020 | Charitable Contributions<br>Adjusted Basis<br>Security Loss |
| 11 | 4/7/19 | S.R. | 2018 | Wash Sales |
| 12 | 3/4/20 | K.A. and L.T. | 2019 | Business Losses<br>Investment Proceeds<br>Wash Sales |

*See* Dkt. No. 1 at 2; *see also* Dkt. No. 68 (dismissing counts 13 and 14). The Government alleges that between April 2019 and April 2021, Manavalan aided and assisted the listed taxpayers with filing false and fraudulent returns. *See* Dkt. No. 1 at 1–2. Specifically, the returns "represented that the taxpayers were entitled under the provisions of the Internal Revenue laws to claim deductions for items and in amounts specified" in the Indictment, even though Manavalan "knew[] the

taxpayers were not entitled to claim deductions in the claimed amounts[.]" *Id.* at 1–2. The alleged scheme resulted in "reduction of the taxpayer's taxable income and the taxpayer receiving credits for which they were ineligible." *Id.*

Trial is scheduled to begin on January 20, 2026. Dkt. No. 36.

## II.   DISCUSSION

Manavalan argues that the Court should sever counts 11 and 12 because they are improperly joined under Federal Rule of Criminal Procedure 8. Dkt. No. 42 at 1. He further contends that "even if the counts are properly joined under Rule 8(a), the Court should sever them under Rule 14(a) to ensure that Mr. Manavalan is not prejudiced by the joinder of offenses or otherwise deprived of his right to a fair trial." *Id.* at 1–2; *see also* Dkt. No. 64 (reply). The Government opposes the motion. Dkt. No. 57.

### A.   Legal Standard

Federal Rule of Criminal Procedure 8(a) permits joinder of criminal offenses that are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Joinder is "the rule rather than the exception in criminal cases." *United States v. Nolan*, 700 F.2d 479, 482 (9th Cir. 1983). "Even if counts are correctly joined initially under Rule 8(a), the district court may still sever the counts under Rule 14 if joinder is manifestly prejudicial." *United States v. Prigge*, 830 F.3d 1094, 1098 (9th Cir. 2016) (citation modified).

### B.   Joinder under Rule 8(a) is Appropriate because the Offenses in the Indictment are of the Same or Similar Character

One basis for joinder is when alleged offenses are "of the same or similar character." Fed. R. Crim. P. 8(a). This is the "most amorphous and controversial [ground] for joinder," warranting scrutiny when used as the basis for joining counts. *See United States v. Jawara*, 474 F.3d 565, 575

(9th Cir. 2007). The propriety of joinder "is determined solely by the allegations in the indictment." *Id.* at 572 (citation modified). Rather than "eyeball[ing] the indictment" for offenses of a "like class," courts must consider "factors relevant to the question of similarity, such as temporal proximity, physical location, modes of operation, identity of the victims, [and] likelihood of evidentiary overlap." *Id.* at 577. While this is a highly context-specific assessment, "the bottom line is that the similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment." *Id.* at 578.

Manavalan argues that even though all of the counts allege violations of the same statute, 26 U.S.C. § 7206(2), the *Jawara* factors weigh against joinder. Dkt. No. 42 at 5. He notes that except for counts 11 and 12, "all other counts purportedly involve fabricated security losses." *Id.* at 6. He contends that the other *Jawara* factors are either irrelevant or weigh against joinder because "[t]he underlying conduct alleged in the indictment involves separate incidents of alleged criminal conduct across nearly three years." *Id.*

The Government responds that all of the counts are "of the same or similar character" and are "connected with or constitute parts of a common scheme or plan" because "[t]he indictment alleges that in three consecutive tax seasons, Manavalan knowingly assisted in preparing materially false tax returns," and even though the "precise items and amounts varied slightly," "all of the charged falsehoods related to charitable contributions, business losses, capital gains and losses, or rental income." Dkt. No. 57 at 3. The Government also notes that it must prove the same elements for all of the counts. *Id.* And finally, the Government argues that all of the *Jawara* factors support joinder. *Id.* at 4.

After a close review of the indictment, the Court finds that the *Jawara* factors support joinder. The elements of the offense are identical for all of the counts. *See United States v. Smith*, 424 F.3d 992, 1009 (9th Cir. 2005) (setting forth what the Government must prove under Section

7206(2)); *see also* Ninth Cir. Model Crim. Jury Instruction 22.4. Counts 11 and 12 also share the same alleged *modus operandi* with counts 1 through 10. For all counts, the Government contends that Manavalan prepared materially false tax returns for his clients by claiming deductions to which the taxpayers were not entitled in order to reduce their tax liabilities. Dkt. No. 1 at 1–2. Although it is true that counts 11 and 12 do not involve security losses like counts 1 through 10 do, Dkt. No. 1 at 2, as the Government notes, "security loss manipulations . . . are just one of several ways in which Manavalan falsely deflated his clients' capital gains," Dkt. No. 57 at 4–5. Thus, there is a common alleged *modus operandi* that runs through all of the charges—willfully preparing false tax returns to reduce clients' tax burdens—even if the specific type of deductions varies to some extent among the returns.

Manavalan contends that "the alleged manipulations in Counts 11 and 12 involve entirely different tax mechanisms than the other counts," Dkt. No. 64 at 4, but this is not entirely true. Even though counts 11 and 12 do not involve security loss like the other counts, there is still substantial overlap with the type of losses claimed. Count 11 includes allegedly "falsely claimed" deductions for wash sales, while count 12 includes allegedly "falsely claimed" deductions for business losses, investment proceeds, and wash sales. Dkt. No. 1 at 2 (capitalization omitted). Counts 3 and 5 also involve allegedly improper business losses, while counts 2, 3, 4, and 9 also involve wash sales. *Id.* There is thus significant overlap among the alleged manipulations charged even if they did not all involve security losses.

In addition, all the counts share temporal proximity because they occurred within three consecutive tax seasons. Dkt. No. 1 at 2. They also all occurred in the same physical location: Manavalan's office. The victims—the United States and the American people—are also the same for all counts.

1    The Court is also persuaded that the "likelihood and extent of evidentiary overlap" is

2    significant. On this issue, the Court agrees with the Government that "[e]ach count relies on

3    common evidence of the operation of Manavalan's business, the results of an undercover

4    investigation, and other facts evincing Manavalan's scheme, motive, and willfulness." Dkt. No. 57

5    at 4. In addition, as the Government notes, although there will be some evidence and testimony

6    that is specific to each count, even that count-specific evidence "tends to show relevant aspects of

7    other counts, such as Manavalan's intent, plan, knowledge, and absence of mistake or accident."

8    *Id.*

9    Accordingly, the Court finds that counts 11 and 12 are properly joined because they are of

10   the same or similar character as counts 1 through 10. *See, e.g.*, *United States v. Eldeknawey*, No.

11   2:18-CR-161-DBH, 2019 WL 2931299, at *1 (D. Me. July 8, 2019) (finding that all counts of

12   violating Section 7206(2) were properly joined under Federal Rule of Criminal Procedure 8(a)

13   because they were all of the same or similar character); *see also United States v. Uvari*, No. 2:18-

14   cr-00253-APG-NJK, 2022 WL 625156, at *4 (D. Nev. Mar. 3, 2022) (finding that all four counts

15   alleging violations of Section 7206(1) shared the same or similar character).[2]

16   **C.    Joinder of All Counts is Not Unduly Prejudicial**

17   Even if joinder of the counts is appropriate under Federal Rule of Criminal Procedure 8,

18   "the court may order separate trials" if joinder "appears to prejudice a defendant or the

19   government." Fed. R. Crim. P. 14(a). "The trial judge has great discretion in ruling on Rule 14

20   motions," *United States v. Ragghianti*, 527 F.2d 586, 587 (9th Cir. 1975), and "it is well settled

21   that defendants are not entitled to severance merely because they may have a better chance of

22   acquittal in separate trials," *Zafiro v. United States*, 506 U.S. 534, 540 (1993). Indeed, while some

23

24   ---
[2] Because the Court finds that counts 11 and 12 are of the same or similar character to the other counts, it does not address the Government's argument that joinder is also warranted based on a common scheme. Dkt. No. 57 at 5–6.

prejudice may be inherent in any joinder of counts, *cf. United States v. Vaccaro*, 816 F.2d 443, 448–49 (9th Cir. 1987), to satisfy Rule 14, a defendant must demonstrate "clear, manifest, or undue prejudice" of such magnitude that, without severance, it will compromise the fundamental fairness of the trial, *United States v. Vasquez-Velasco*, 15 F.3d 833, 845–46 (9th Cir. 1994) (citation modified). This standard is "exacting." *Jawara*, 474 F.3d at 579. A defendant is unlikely to meet this standard when evidence would be cross-admissible in separate trials. *See, e.g.*, *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987) ("If all of the evidence of the separate count would be admissible upon severance, prejudice is not heightened by joinder.").

Manavalan argues that trying counts 11 and 12 with the other counts "would result in severe prejudice against [him], because the jury would hear otherwise inadmissible evidence related to security losses alleged in the other counts." Dkt. No. 42 at 7. Specifically, "the jury would hear about alleged evidence of material losses" for security loss-related counts 1 through 10 "that would not otherwise be admissible in separate trials on Counts 11 and 12." *Id.* Based on the evidence, "the jury would impermissibly infer criminal intent or guilt for Counts 11 and 12, depriving Mr. Manavalan of his right to a fair trial." *Id.* And finally, Manavalan argues that joinder of these counts with the others "would likely confuse the jury" because of the "significant differences in the legal and factual issues underlying the other counts in this case." *Id.* at 8.

The Government responds that trying the counts together will not result in any prejudice, let alone manifest prejudice. Dkt. No. 57 at 6. The Government notes that Manavalan has not identified any specific evidence that would be inadmissible in a separate trial on counts 11 and 12, and instead, "evidence of Counts 11 and 12 would be admissible even in a trial on just the other counts, and vice versa" to contextualize the charges. *Id.* at 7. The Government also argues that unlike cases where prejudice has been found, here there is "no disparity" in the strength of the evidence between counts 11 and 12 on the one hand and counts 1 through 10 on the other. *Id.*

1    The Court finds that that Manavalan has not made a clear showing of prejudice. In a prior

2    order, the Court held that the Government could introduce evidence regarding certain uncharged

3    tax returns, statistics, and evidence regarding the undercover agent's tax returns for context and to

4    show Manavalan's motive, intent, and plan, and the absence of a mistake or accident. Dkt. No. 74

5    at 20–22, 24–25. Here too, this common evidence, and evidence regarding all counts, is admissible

6    for these purposes. Therefore, as the Government notes, "Manavalan is not unfairly prejudiced by

7    the introduction of admissible evidence contextualizing specific instances of tax fraud in a broader

8    scheme." Dkt. No. 57 at 7; *see Jawara*, 474 F.3d at 579–80 (considering in prejudice analysis "the

9    likelihood that evidence admitted on the misjoined count would have been admissible in a separate

10   trial as evidence of intent under Federal Rule of Evidence 404(b)"). Because Manavalan has not

11   shown that evidence regarding counts 1 through 10 would be inadmissible in a separate trial for

12   counts 11 and 12, he fails to establish prejudice on that basis. Nor has he established that there is

13   an aspect of the latter counts that would confuse a jury in relation to the other counts. As the

14   Government points out, "[t]here is nothing special or unique about the security loss

15   manipulations—they are just one of several ways in which Manavalan falsely deflated his clients'

16   capital gains." Dkt. No. 57 at 4–5.

17       Moreover, the Court can limit any potential prejudice with a "proper limiting

18   instruction . . . admonish[ing] the jury to consider each count . . . separately[.]" *United States v.*

19   *Lane*, 474 U.S. 438, 450 (1986). Juries are capable of compartmentalizing evidence "so that

20   evidence of one crime does not taint the jury's consideration of another crime," especially after a

21   "proper[] instruct[ion]" by the Court. *Johnson*, 820 F.2d at 1070–71; *see also United States v.*

22   *Larson*, 507 F.2d 385, 389 (9th Cir. 1974) ("The number of counts does not compel the conclusion

23   that the jury was confused. The jury, aided by careful instruction by the court on relating evidence

24   to specific counts and the elements involved in the proof of each count, was able to discriminate

between the counts."). Nothing in the briefing suggests there is something unique about this case that would preclude a jury from following the Court's instructions, so Manavalan is not entitled to severance on that basis either.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Manavalan's Motion to Sever Counts 11 and 12.  Dkt. No. 42.

Dated this 5th day of January, 2026.

Lauren King
United States District Judge