UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>THANJAVUR MANAVALAN,<br><br>                Defendant. | CASE NO. 2:23-cr-00192-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL AND AMEND CASE SCHEDULE |

      This matter comes before the Court on Defendant Thanjavur Manavalan's unopposed Motion to Continue Trial Date and Amend Case Schedule. Dkt. No. 93. Mr. Manavalan seeks to continue the trial date from January 20, 2026 to March 16, 2026. *Id.* at 6; *see also* Dkt. No. 38 at 2–3 (setting current trial date and pretrial deadlines). The Government does not oppose the motion. Dkt. No. 93 at 1.[1]

      The Government plans to try Mr. Manavalan on 12 counts of Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return in violation of 26 U.S.C. § 7206(2).

---

[1] Mr. Manavalan titled his motion as "Stipulated," *id.*, but the Government did not sign the motion. Accordingly, the Court considers the motion as unopposed rather than stipulated.

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL AND AMEND CASE SCHEDULE - 1

1  *See* Dkt. No. 1 at 1–3 (Indictment); *see also* Dkt. Nos. 67–68 (motion and order dismissing two
2  counts).

3      This is the fifth requested trial date continuance in this case. Trial was initially scheduled
4  for February 20, 2024. Dkt. No. 6. On January 12, 2024, Mr. Manavalan filed an unopposed motion
5  for a continuance to September 23, 2024 due to the unavailability of lead counsel Patrik Mullin,
6  Dkt. No. 17, and the Court granted that request, Dkt. No. 20. On July 8, 2024, the parties filed a
7  stipulated motion to continue the trial date because AUSA David Martin was unavailable from
8  September 3 until October 28, 2024, and "Mr. Mullin was travelling abroad for much of December
9  2024 and ha[d] two trials, one of which [was anticipated to] last approximately six weeks,
10 scheduled for May 2025." Dkt. No. 23 at 2–3. The parties stated that "[g]iven those other
11 obligations and the complexity of this case, . . . the defense believes that the earliest they could be
12 adequately prepared for trial, following AUSA Martin's parental leave, is in February or March of
13 2025," and requested a new trial date of March 10, 2025. *Id.* at 3. The Court granted the stipulated
14 motion and continued the trial date until March 10, 2025. Dkt. No. 25. In December 2024, Mr.
15 Manavalan filed an unopposed motion for a third continuance, which the Court granted. Dkt. Nos.
16 28, 29. In June 2025, Mr. Manavalan filed an unopposed motion for a fourth continuance to
17 continue trial to January 20, 2026, which the Court granted. Dkt. Nos. 35, 36.

18     Now, Mr. Manavalan requests a new trial date of March 16, 2026 because "[o]n January 5,
19 2026, the government informed defense counsel that it had discovered on January 2, 2026, that
20 approximately 172,000 emails and files seized by the Internal Revenue Service ("IRS") pursuant
21 to the search warrants in this case had not been produced for disclosure to the defense." Dkt. No.
22 93 at 2. As of January 6, 2026, when Mr. Manavalan filed this motion, the "defense ha[d] not yet
23 received the emails and files and understands that the IRS needs another week to process and
24

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL AND AMEND CASE SCHEDULE - 2

produce the discovery materials." *Id.* Mr. Manavalan has waived his speedy trial rights through March 30, 2026. Dkt. No. 94 at 1–2.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Mr. Manavalan in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, due to defense counsel's need for time to receive and review the discovery and prepare the matter for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court finds that the additional time requested is a reasonable period of delay and will be necessary to provide counsel and Mr. Manavalan reasonable time to accomplish the above tasks.

For these reasons, the Court GRANTS the unopposed motion, Dkt. No. 93, and ORDERS that the trial date shall be continued from January 20, 2026 to March 16, 2026. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Defendant's trial must commence under the Speedy Trial Act.

In light of this continuance, the Court VACATES all deadlines in the Court's prior scheduling order, Dkt. No. 38, that have not yet passed as well as the January 9, 2026 pretrial conference, and ORDERS the parties to confer and file a proposed amended case schedule within seven days of the date of this order.

Dated this 7th day of January, 2026.

Lauren King
United States District Judge